UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-747-F

| | |
|---|---|
| EUGENE N. DUNSTON,<br>Plaintiff,<br><br>v.<br><br>SHERIFF DONNIE HARRISON, in his<br>official and individual capacities, et al.,<br>Defendants. | )<br>)<br>)<br>)    O R D E R<br>)<br>)<br>)<br>) |

This matter is before the court on Defendants' Consent Motion to Seal [DE-62]. The court has carefully considered the prerequisites for a motion to seal set forth in *In re Knight Publishing Company*, 743 F.2d 231 (4th Cir. 1984) and *Stone v. Univ. of Maryland Med. Sys. Corp.*, 855 F.2d 178, 179-80 (4th Cir. 1988), and concludes that these prerequisites have been satisfied.

It appears to the court that the public was provided notice of the request to seal and that interested parties were allowed a reasonable opportunity to object. Plaintiff Dunston publicly filed his Notice of Filing of Proposed Sealed [DE-59] documents on the docket. Defendants promptly filed their Motion to Seal and Memorandum in Support of Defendants' Motion to Seal on the docket, thereby satisfying the public notice prerequisite. *Allergan, Inc. v. Apotex Inc.*, 2013 U.S. Dist. LEXIS 57656, *26-27 (M.D.N.C. Apr. 23, 2013) (citing *Stone*, 855 F2d at 181).

The court, having reviewed the matter, finds that the documents listed in Defendants' Consent Motion to Seal contain confidential personnel records of Wake County Sheriff's Office

employees and that public access to such documents could undermine the authority of those officers. The court also finds that the documents contain sensitive internal policies and procedures of the Wake County Sheriff's Office, including procedures regarding the use of force, and that public access to such documents could likewise undermine the authority of the detention officers.

The confidential and sensitive nature of these documents overcomes the First Amendment protection. *See Richardson v. F/N/U Bostick*, No. 5:11-CT-3045-FL, 2013 WL 3166398, at *2 (E.D.N.C. June 20, 2013)(citing *Etape v. Napolitano*, 6634 F. Supp. 2d 498, 505 (D.Md. 2009)). Accordingly, the following documents shall be sealed:

1. Pages 13-14 of Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment [DE-55]

2. Deposition Transcript of John Maxfield, Sheriff Harrison 30(b)(6) [DE-55-3]

3. Deposition Transcript of Carolyn Watson, Sheriff Harrison 30(b)(6) [DE-55-4]

4. Maxfield Deposition Exhibits 62-68 [DE-56-1]

5. Hayes Deposition Exhibits [DE- 56-2, 56-3, 56-4]

6. Exhibit 15 (pp. 1-20), Exhibit 20 (pp. 4-9, and Exhibit 22 (pp. 27-28, 58-60) of Cloutier Deposition [DE-57-2].

The court finds that Plaintiff consents to the filing of these documents under seal.

It further appears to the court that no less drastic alternatives to sealing the documents exist. There is also no suggestion that Defendants have an improper purpose for requesting that the documents be filed under seal. Rather, the Defendants seek to prevent improper uses of the documents if such documents were available to the general public.

The court further finds that consistent with the Protective Order [DE-22], the documents shall be available for inspection only by those persons specifically identified in paragraph 3 of the

2

Protective Order.

Accordingly, the Defendants' Consent Motion to Seal [DE-62] is ALLOWED. Plaintiff filed the entirety of his Response in Opposition to the Defendants' Motion for Summary Judgment [DE-55; DE-56; DE-57; DE-58] under provisional seal, including numerous documents which are not subject to sealing. Consequently, to effectuate this Order, the Clerk of Court is DIRECTED to continue to maintain the following Docket Entries under seal:

>  (1) Plaintiff's Response in Opposition to Defendant's Motion for Summary Judgment [DE-55];
>
>  (2) Deposition Transcript of John Maxfield [DE-55-3]
>
>  (3) Deposition Transcript of Carolyn Watson [DE-55-4]
>
>  (4) Maxfield Deposition Exhibits [DE-56-1]
>
>  (5) Hayes Deposition Exhibits [DE-56-2; DE-56-3; DE-56-4], and
>
>  (6) Cloutier Deposition Exhibits [DE-57-2].

The Clerk of Court is DIRECTED to unseal all other docket entries associated with Docket Entries 55-58. Additionally, Plaintiff is DIRECTED, within fourteen days, to file a redacted versions of the following documents, not under seal and accessible to the public:

>  (1) Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (redacting pages 13 and 14) and
>
>  (2) Cloutier Deposition Exhibit 15 (redacting pages 1-20) Exhibit 20 (redacting pages 4-9) and Exhibit 22 (redacting pages 27-28 and 58-60).

SO ORDERED.

This the 3rd day of July, 2013.

                                              James C. Fox
                                              Senior United States District Judge

4

Case 5:11-cv-00747-F   Document 64   Filed 07/30/13   Page 4 of 4