IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CV-747-F

| | |
|---|---|
| EUGENE N. DUNSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SHERIFF DONNIE HARRISON, ) | |
| in his official and individual capacities, ) | |
| Wake County Sheriff's Office Detention ) | **ORDER** |
| Officers MICHAEL J. HAYES and ) | |
| DUANE D. GREENFIELD, and former ) | |
| Officer WACO DOUGLAS, JR., in their ) | |
| individual capacities, and THE OHIO ) | |
| CASUALTY INSURANCE COMPANY, ) | |
| as surety, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court following the Pretrial Conference held in Wilmington, N.C., on Tuesday, March 10, 2015, at 10:00 A.M. This order memorializes and clarifies rulings made during the status conference.

With regard to the Defendants' Motions in Limine, the court makes the following rulings:

1. Defendants' objection to Plaintiff's Exhibit 2 is OVERRULED. Plaintiff has stipulated to repay all related medical bills from any damages he may recover.

2. Defendants' objection to Plaintiff's Exhibit 6 is OVERRULED as moot. This exhibit was solely for the court and Plaintiff will not present this exhibit to the jury.

3. Defendants' objection to Plaintiff's Exhibit 12 is SUSTAINED in part and OVERRULED in part. Defendants may not introduce redacted portions as substantive evidence, but may introduce the evidence to impeach Plaintiff as to the origin and extent of his injuries.

4. Defendants' objection to Plaintiff's Exhibit 22h is SUSTAINED.

5. Defendants' objections to Plaintiff's Exhibits 29, 32, 37, and 38 are OVERRULED. However, the Defendants may raise their objection again if the Plaintiff seeks to introduce the exhibits at trial.

6. Defendants' objection to Plaintiff's Exhibit 40 is SUSTAINED in part and OVERRULED in part. Plaintiff is allowed to show the photograph insofar as it is shown in the de bene esse deposition videos. The court will rule further on this exhibit if it becomes necessary to do so as part of the bifurcated second phase of the trial.

7. The court will rule on Defendants' objections to Plaintiff's Exhibits 43-45 and 64-68 if it becomes necessary to do so as part of the bifurcated second phase of the trial.

8. Defendants' objection to Plaintiff's Exhibit 46 is OVERRULED as moot. Plaintiff withdraws this exhibit.

9. Defendants' objection to Plaintiff's Exhibit 50 is OVERRULED as moot. Plaintiff withdraws this exhibit.

10. Defendants' objections to Plaintiff's Exhibits 52-53 are OVERRULED. However, Defendants may raise their objections again if the Plaintiff seeks to introduce these exhibits at trial.

11. Defendants' objections to Exhibits 69, 71, and 72 are OVERRULED. However, Defendants may raise their objections again if the Plaintiff seeks to introduce these exhibits at trial.

12. Defendants' objection to Plaintiff's Exhibit 70 is OVERRULED as moot. Plaintiff withdraws this exhibit.

13. Defendants' objection to Plaintiff's Exhibit 73 ¶ 20 is OVERRULED. However, Defendants may raise their objection again if the Plaintiff seeks to introduce the exhibit at trial.

14. Defendants' objection to Plaintiff's Exhibit 74 ¶ 2 is OVERRULED. However, Defendants may raise their objection again if the Plaintiff seeks to introduce the exhibit at trial.

The Defendants' Motion in Limine [DE-123] is DENIED. Plaintiff stipulates to pay medical bills related to the present lawsuit from damages, if any, that Plaintiff collects in this lawsuit.

With regard to the Plaintiff's Motions in Limine, the court makes the following rulings:

15. Plaintiff's objection to Defendants' Exhibit 92 is OVERRULED as moot. Defendants withdraw this exhibit.

16. Plaintiff's objection to Defendants' Exhibit 93 is SUSTAINED in part and OVERRULED in part. Defendants agree to redact lines 18-23 of page 7. The exhibit is otherwise admissible.

17. Plaintiff's objection to Defendants' Exhibit 94 is SUSTAINED in part and OVERRULED in part. Defendants have agreed to redact those portions objected to by the Plaintiff. The exhibit is otherwise admissible.

18. Plaintiff's objections to Defendants' Exhibits 95-100, and 104 are SUSTAINED.

19. Plaintiff's objection to Defendants' Exhibit 106 is SUSTAINED in part and OVERRULED in part. Defendants may use Exhibit 106 to cross-examine Plaintiff as to the origin and extent of his injuries.

Plaintiff's first Motion in Limine [DE-97] and its corresponding amendments [DE-102, -120] are ALLOWED IN PART and DENIED IN PART. The previous rulings implement the Plaintiff's first Motion in Limine. The court further ALLOWS Plaintiff's other Motions in Limine [DE-100, -108].

In light of the evidentiary issues raised in Defendants' Motion in Limine [DE-103], as well as in consideration of judicial efficiency, the parties have agreed that this case should proceed as a bifurcated jury trial. In the first phase of the trial, Plaintiff will proceed with his case as to his claims against Defendants Michael Hayes, Waco Douglas, and Duane Greenfield. If Plaintiff does not establish liability as to those Defendants, or if he recovers against those Defendants only for negligence, then there will be no second phase. In any other event, the second phase of the trial will proceed as to Plaintiff's claims against Defendant Harrison and the surety. If the second phase becomes necessary, the court will rule at that time on several of the objections raised by the parties in their motions in limine. Because the court has bifurcated the trial, the court will hold Defendant's Motion in Limine [DE-103] in abeyance until the court determines whether the second phase is necessary.

SO ORDERED. This, the 11th day of March, 2015.

James C. Fox
_____
JAMES C. FOX
Senior United States District Judge